**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FOODIELAND LLC,

Plaintiff(s),

v.

EVENT TICKETS CENTER, INC.,

Defendant(s).

Case No. CV 26-7242 PVC

**CASE MANAGEMENT ORDER FOR CIVIL CASES ASSIGNED TO MAGISTRATE JUDGE PEDRO V. CASTILLO**

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES.**

## A. COUNSEL.

1. **Civility.** All counsel must immediately review and comply with the Civility and Professionalism Guidelines on the Court's website under Attorney Information.

2. **Presence of Lead Counsel.** Only one attorney for a party may be designated as lead trial counsel. Lead trial counsel must attend all

proceedings set by this Court and be prepared to address and resolve all matters within the scope of the proceeding. For proceedings not set by the Court, lead counsel is encouraged to permit junior lawyers to fully participate in court proceedings, including to argue motions and to examine witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least seven days before a scheduled hearing stating that a junior lawyer with no more than five years of experience will conduct the argument. Only one counsel may be designated to argue motions absent Court approval.

3. **Self-Represented Parties (a.k.a. "Pro Se" Litigants).** Parties appearing on their own behalf (pro se litigants) are required to comply with all local rules, including Local Rule 16 ("Pretrial Conferences; Scheduling; Management"). In this Order, the term "counsel" includes pro se litigants. Only individuals may represent themselves. A corporation or other entity must be represented by counsel, and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal—i.e., a plaintiff entity's case will be dismissed, or a defendant entity will default. *See* Local Rule 83-2.3.4.

4. **Duty to Notify Court of Settlement.** Counsel must advise the Court immediately if the case or any pending matter has been resolved. Failure to provide timely notice of settlement may result in sanctions.

5. **"Notice of Unavailability."** While the Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when opposing counsel is unavailable, a "Notice of Unavailability" has no legal effect and should not be filed.

**B. <u>COMMUNICATIONS WITH CHAMBERS.</u>**

Counsel shall not initiate contact with the Court or its Chambers staff by telephone or by any other improper ex parte means. Counsel may contact the courtroom deputy clerk (CRD) with appropriate inquiries. Contacting the CRD to inquire about the status of a ruling or to continue a proceeding or take it off calendar is not appropriate. The preferred method of communication with the CRD is by email. Counsel must copy all parties on any such email. To facilitate communication with the CRD, counsel should list their email addresses along with their telephone numbers on all papers.

**C. <u>PLEADINGS.</u>**

1. **Service of the Complaint.** The plaintiff(s) shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed. R. Civ. P. 4(*l*). Any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

2. **Removed Actions.** Any answer filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motion in state court before the case was removed must be re-noticed in accordance with Local Rule 7. If a removed action contains a "form pleading" (i.e., a check-the-box pleading), the party (or parties) that filed the form pleading must file with this Court within 30 days of the filing of the notice of removal a pleading that complies with the federal rules. See Fed. R. Civ. P. 7, 7.1, 8, 9, 10, and 11. An amended complaint filed within 30 days after removal to replace a form complaint pursuant to this instruction shall be

deemed an amended complaint with "the court's leave" pursuant to Rule 15(a)(2).

3. **Status of Fictitiously Named Defendants.**

a. Plaintiff must identify and serve any fictitiously named defendant(s) before the date of the mandatory scheduling conference (MSC) held pursuant to Fed. R. Civ. P. 16(b).

b. All Doe defendants remaining 60 days after the MSC (or on the date set forth in the scheduling order, if applicable) are dismissed by operation of this Order without further notice unless plaintiff requests and justifies the need for additional time in the joint report for the MSC and the Court grants an extension.

c. Before moving to substitute a defendant for a Doe defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, plaintiff must file a regularly noticed motion. In diversity cases, plaintiff's motion must address whether the addition of the newly named party destroys diversity jurisdiction. *See, e.g.*, 28 U.S.C. § 1447(c), (e).

## D. DISCOVERY.

1. **Discovery Protective Orders.** Proposed protective orders should not purport to allow, without further order of the Court, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial. The existence of a protective order does

not alone justify the filing of pleadings or other documents under seal, in whole or in part.

2. **Discovery Motions.** Strict compliance with Local Rule 37 is required. The Court may take any motion under submission without oral argument. *See* Local Rule 7-15.

a. Timing of Discovery Motions. All discovery motions scheduled before Judge Castillo are to be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

b. Pre-Motion Telephonic Conference. In the Court's experience, discovery disputes may often be resolved without the need for formal motion papers. To facilitate the just and expedient resolution of discovery matters and to conserve the parties' and Court's resources, the Court requires the parties to follow the following procedure for filing discovery motions. This procedure does not apply to ex parte applications or where a party to the discovery dispute is in custody.

i. First, as Local Civil Rule 37-1 requires, the parties must meet and confer to resolve any discovery dispute.

ii. Once the parties have determined that they have reached an impasse, within twenty-four hours of the last conference, the movant must e-mail the CRD seeking a telephone conference with the Court to discuss the discovery dispute. The e-mail must include (1) at least three proposed times mutually agreed upon by the parties for the

telephone conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position (recent meet and confer correspondence may be attached as an exhibit). The movant must cc: opposing counsel on the e-mail.

iii. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference unless the movant has obtained leave of Court sought by an ex parte application. The Court may strike any discovery motion filed in violation of this Rule and Procedure.

**E. <u>FILING REQUIREMENTS.</u>**

1. **Text Searchability.** All documents—including pleadings, motions, and exhibits—submitted to the Court must be text searchable (i.e., "OCR'd").

2. **Documents with Declarations, Exhibits, and Other Attachments.** Except for filings in support of motions for summary judgment, *see infra* § G.3, if a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

3. **Proposed Orders.** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting

forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. Proposed orders should not contain: (1) attorney names, addresses, etc. on the caption page; (2) a footer with the document name or other information; or (3) a watermark or designation of the firm name. Proposed orders should be formatted in the same fashion as motions. *See infra* ¶ F(3). The Court enforces strict compliance with Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged in accordance with L.R. 5-4.4.1, a … Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, must be emailed to the assigned judge's generic chambers email address …." The Court will not consider a stipulation, ex parte application, or other request for relief until a compliant proposed order is received by email. Failure to timely comply will result in the Court striking the filing.

4. **Chambers Copies.** Judge Castillo does not require courtesy copies, unless otherwise notified by the Court.

## F. GENERAL MOTION REQUIREMENTS.

1. **"Meet and Confer" Requirements.** Local Rule 7-3 requires counsel to conduct a prefiling conference "to discuss thoroughly … the substance of the contemplated motion and any potential resolution."

a. Scope. This requirement applies in all cases, including those with pro se litigants, and extends to all issues. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issue(s). Parties must meet and confer either by

videoconference or in person. Email correspondence is insufficient; and motions not supported by a statement that counsel met by videoconference or in person will be summarily denied.

b. Compliance. The moving party must include in the signed notice of motion a truthful representation of full compliance with Local Rule 7-3, stating that the parties "thoroughly discussed the substance and potential resolution of the filed motion [by videoconference or in person]."

c. Sanctions. If an opposing party refuses to participate in good faith, the moving party shall explain the refusal in detail. Failure by any party to comply in good faith with the "meet and confer" requirement shall result in an order to show cause re: sanctions—including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

2. **Time for Filing and Hearing Motions.** This Court hears civil motions on Tuesdays at 10 a.m. If a motion is filed with a motion hearing date that is unavailable, the Court will strike the filing or issue a minute order continuing the date. A party that waits too long and files a motion to be heard on a date that turns out to be unavailable risks having the motion stricken and not heard. If the parties resolve the issue(s), or if a party withdraws or does not oppose a motion, the Court must be notified immediately to avoid unnecessary judicial work. Failure to oppose a motion will likely result in the motion being granted after the opposition would have been due.

3. **Length and Format of Motion Papers.** Unless expressly stated otherwise, memoranda of points and authorities in support of or in opposition to motions must not exceed 25 pages. Replies must not exceed 15 pages. Only in rare instances will the Court find good cause to grant an application to extend these page limitations. Any memorandum that exceeds the page limit may be stricken. Typeface and spacing shall strictly comply with Local Rule 11-3.1.1, except that the parties are encouraged to use 14-point Times New Roman font. Footnotes shall be in the same font and the same size as the body of the memorandum.

4. **Citations to Authority.** The parties should comply with Bluebook formatting and the citation requirements below. Any argument or statement of law not supported by appropriate legal citation may be deemed waived to the extent allowed by law.

a. Pin Cites. Case citations must identify both the case cited and the specific page referenced.

b. String Cites. Parties should not use string cites without a good reason. When using string cites, a party should include a parenthetical explanation for each cited case.

c. Legal Databases. When citing to legal databases (which is not encouraged), cite to Westlaw whenever possible.

d. U.S. Statutes. Statutory references should identify with specificity the sections and subsections referenced. Citations should be to the

relevant official statutory code (e.g., the U.S. Code) and should not merely reference the popular name of an act.

e. Treatises, Manuals, and the Like. Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages. Attach copies if these materials are not accessible on Westlaw, especially for historical materials (e.g., older legislative history).

## G. SPECIFIC MOTION REQUIREMENTS.

1. **Motions Pursuant to Rule 12.** Most motions to dismiss or strike, especially motions raising alleged defects in a complaint, answer, or counterclaim that could be corrected by amendment, can be avoided if the parties confer in good faith as required by Local Rule 7-3. In general, the Court will provide leave to amend upon granting a motion to dismiss unless it is clear the amendment would be futile. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *see also Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (requiring "extreme liberality" in favor of amendments). If the Ninth Circuit's long-standing "extreme liberality" standard applies to a meritoriously filed motion, the Court may summarily grant the motion with leave to amend. A good-faith "meet and confer" may avoid this costly and inefficient process. If the Court grants a motion to dismiss with leave to amend, the plaintiff must file an amended complaint within the time period specified by the Court. Failure to timely file an amended complaint will result in dismissal of the action or the relevant claim(s) with prejudice.

2. **Motions to Amend Pleadings.** A motion to amend the pleadings must state: (a) the effect of the amendment and (b) the page, line numbers, and wording of any proposed change or addition of material. A "redlined" version of the proposed amended pleading must be delivered to Chambers email (in electronic form using Microsoft Word), indicating all additions and deletions to the prior version of the pleading. This "redlined" version also must be delivered to opposing counsel at least two hours in advance of the Local Rule 7-3 conference; and if the plaintiff later changes the delivered version, counsel will be required to meet again about the revised pleading. In addition to the requirements of the Local Rules, all amended pleadings must be serially numbered to differentiate each amendment (i.e., "First Amended Complaint," "Second Amended Complaint").

3. **Motions for Summary Judgment.** Parties should not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the Court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least **49** days prior to the date on which the motion is noticed for hearing. The opposition is due not later than **21** days before the date designate for the hearing of the motion, and the reply not later than **14** days before the date designated for the hearing of the motion. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.) The parties are to comply precisely with Local Rule 56-1 through 56-3. **No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such**

**motion is denominated as a motion for summary judgment, summary adjudication, without leave from the Court**.

a. Statement of Undisputed Facts and Statement of Genuine Issues: Before filing a motion for summary judgment, counsel are strongly encouraged to review Chapter 14 of J. O'Connell and J. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial (2016). To assist the Court, the moving party shall submit the required separate statement of undisputed facts in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. Citations to attached facts or declarations should include hyperlinks.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to

the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. **No legal argument should be set forth in this document.** Citations to attached facts or declarations should include hyperlinks.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

b. <u>Supporting Evidence</u>: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, written discovery response and the receipt of documents

in discovery if the fact that the document was in the opponent's possession is of independent significant. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity. Citations to evidence should include hyperlinks.

c. Objections to Evidence: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document. Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact. Boilerplate objections will be overruled and disregarded.

4. **PLRA Exhaustion Motion.** The issue of exhaustion under the Prison Litigation Reform Act (PLRA) must be raised at the beginning of the litigation. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on the exhaustion issue must file before this Court a request for a hearing within 14 days of the filing of the order denying summary judgment. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

### H. HEARINGS.

1. **Remote Appearance.** Remote appearances are not permitted absent good cause shown in a declaration concurrently filed with the moving papers or the opposition.

2. **Submission Without Argument.** The Court may take a motion off calendar if it concludes the decision will not benefit from oral argument. *See* Local Rule 7-15.

3. **Settlement.** Counsel *must* notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions that may render the motion moot and must notify the Court immediately if a settlement is reached. A belated notice of settlement wastes scarce judicial resources, and the offending parties shall be subject to sanctions. In addition, the failure to provide timely notice may result in the release of the ruling that was prepared.

### I. EX PARTE APPLICATIONS.

Strict compliance with Local Rules 7-19 and 7-19.1 is required. An ex parte application is usually considered on the papers only. If the application is opposed, opposition papers should be filed by 4:00 p.m. the next business day following service of the application. In most cases, the Court will wait until that time before ruling. If needed, the Court will schedule a hearing. Discovery disputes should generally not be brought to the Court's attention in an ex parte application.

**J. CONTINUANCES.**

The Court grants continuances of pretrial and trial deadlines only on a timely showing of good cause. The Court applies the same standard of good cause to all extension requests—whether opposed or jointly requested.

**K. CLASS ACTIONS.**

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed no later than 120 days from the date initially set for the scheduling conference unless the Court orders otherwise.

**L. ERISA CASES (BENEFIT CLAIMS).**

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1093–95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded.

The parties may receive a mandatory scheduling conference order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a joint status report identifying any special issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled

within six months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

IT IS SO ORDERED.

DATED: August 3, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE